1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RIGHT TO LIFE OF CENTRAL                  No.  1:21-cv-01512-DAD-SAB
     CALIFORNIA,
12
                    Plaintiff,
13                                             ORDER DENYING DEFENDANT'S
           v.                                  MOTION TO TRANSFER VENUE AND
14                                             GRANTING PLAINTIFF'S MOTION FOR A
     ROB BONTA, in his official capacity as    PRELIMINARY INJUNCTION
15   Attorney General of the State of California,
                                               (Doc. Nos. 21, 25)
16                  Defendant.

17

18         This matter is before the court on a motion to transfer venue filed on behalf of defendant

19   on October 29, 2021 and a motion for a preliminary injunction filed on behalf of plaintiff Right to

20   Life of Central California ("Right to Life" or "plaintiff") on November 23, 2021.  (Doc. Nos. 21,

21   25.)  Pursuant to General Order No. 617 addressing the public health emergency posed by the

22   COVID-19 pandemic, the pending motions were taken under submission on the papers.  (Doc.

23   No. 26.)  For the reasons explained below, the court will deny defendant's motion to transfer

24   venue and grant plaintiff's motion for a preliminary injunction.

25                                   **BACKGROUND**

26         On October 13, 2021, plaintiff filed a verified complaint against defendant seeking to

27   enjoin enforcement of SB 742, a California urgency statute that became effective October 8, 2021

28   and is codified in California Penal Code § 594.39.  (Doc. No. 1 at ¶¶ 5, 56–58.)  SB 742 makes it

> unlawful to knowingly approach within 30 feet of any person while a person is within 100 feet of the entrance or exit of a vaccination site and is seeking to enter or exit a vaccination site, or any occupied motor vehicle seeking entry or exit to a vaccination site, for the purpose of obstructing, injuring, harassing, intimidating, or interfering with that person or vehicle occupant.

Cal. Penal Code § 594.39(a).  Plaintiff alleges that because SB 742 defines "harassing" as used in the provision as "knowingly approaching, without consent, within 30 feet of another person or occupied vehicle for the purpose of passing a leaflet or handbill to, displaying a sign to, or engaging in oral protest, education, or counseling with, that other person in a public way or on a sidewalk area," SB 742 violates plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution.  (Doc. No. 1 at ¶¶ 60, 83.)  Specifically, plaintiff asserts the following five causes of action in its complaint:  (1) a First Amendment freedom of speech claim; (2) a First Amendment free exercise of religion claim; (3) a Fourteenth Amendment equal protection claim; (4) a Fourteenth Amendment procedural due process claim; and (5) a First Amendment expressive association claim.  (*Id.* at 11–18.)

On October 20, 2021, plaintiff filed a motion for a temporary restraining order (Doc. No. 11), which the court granted, in part, on October 30, 2021 (Doc. No. 22 ("TRO").)  In the TRO, the court ordered that, pending a hearing on a motion for a preliminary injunction, "[d]efendant and any person acting in concert with him shall be restrained and enjoined from enforcing SB 742's prohibition on 'harassing' as that term is defined in California Penal Code § 594.39, as applied to Right to Life and its agents, and facially as to any speaker."  (Doc. No. 22 at 27.)

On November 23, 2021, plaintiff filed the pending motion for a preliminary injunction, seeking to extend the temporary injunctive relief provided in the TRO throughout the duration of this lawsuit by converting the TRO into a preliminary injunction.  (Doc. No. 25.)  On December 7, 2021, defendant filed an opposition to the pending motion for a preliminary injunction.  (Doc. No. 28.)  On December 14, 2021, plaintiff filed its reply thereto, reiterating that it does not seek a change in the substantive scope of the TRO but "simply asks the court to temporally extend the existing injunction to protect itself and other California speakers throughout the litigation."  (Doc. No. 29 at 5.)

This action is one of three separate lawsuits currently pending against defendant in which the constitutionality of SB 742 is being challenged.  A few days before plaintiff filed its complaint initiating this action, three anti-abortion activists (unrelated to plaintiff Right to Life) sued defendant in the U.S. District Court for the Northern District of California, alleging that SB 742 violates the First and Fourteenth Amendment to the U.S. Constitution and violates the California Constitution.  *See Aubin et al. v. Bonta*, No. 5:21-cv-07983-NC (N.D. Cal. 2021).  The plaintiffs in *Aubin* had concurrently filed a motion for a temporary restraining order seeking to enjoin the enforcement of SB 742 it its entirety.  (*Aubin*, Doc. No. 3.)  The next day, a pro-vaccine activist sued defendant in the U.S. District Court for the Central District of California, similarly alleging that SB 742 violates his free speech rights under the First and Fourteenth Amendments to the U.S. Constitution and violates the California Constitution.  *See Gupta v. Bonta*, No. 2:21-cv-08104 (C.D. Cal. 2021).  The plaintiff in *Gupta* did not seek a temporary restraining order, but he did file a motion for a preliminary injunction and noticed that motion for hearing in mid-November 2021.  (*Gupta*, Doc. No. 17.)  In both *Aubin* and *Gupta*, the parties had consented to magistrate judge jurisdiction.  (*Aubin*, Doc. Nos. 9, 10; *Gupta*, Doc. No. 29.)  In this case, the parties have not both consented to magistrate judge jurisdiction.  (Doc. Nos. 10, 18.)

Defendant contends that all three cases are related and has sought to have all three cases venued in the U.S. District Court for the Northern District of California and assigned to the same judge.  In this action, on October 29, 2021, defendant filed the pending motion to transfer venue, requesting that this court transfer this case to the Northern District of California.  (Doc. No. 21.)  On November 23, 2021, plaintiff filed an opposition to defendant's motion to transfer, and on November 30, 2021, defendant filed his reply thereto.  (Doc. Nos. 24, 27.)

Defendant also filed a motion to transfer venue in the *Gupta* action, seeking transfer of that case to the U.S. District Court for the Northern District of California.  (*Gupta*, Doc. No. 27.)  The court in *Gupta* granted defendant's motion to transfer that case to the Northern District of California.  (Doc. Nos. 36, 37.)  However, once the case was transferred to the Northern District of California, the Clerk of the Court for that district filed a notice stating the following:  "As the parties' consent form refers to a specific magistrate judge in the Central District (ECF No. 29 ),

Plaintiffs/Defendants shall file a consent or declination to proceed before a magistrate judge generally or specific to [the randomly-assigned] Magistrate Judge Thomas S. Hixson . . . ." *Gupta v. Bonta*, No. 3:21-cv-09045-EMC (Doc. No. 40) (C.D. Cal. 2021).  Because both parties did not thereafter consent to magistrate judge jurisdiction, the case was reassigned to a district judge, not to Magistrate Judge Nathanial M. Cousins, the judge assigned to *Aubin*.  In addition, in *Aubin*, defendant filed an administrative motion requesting that the court relate the *Gupta* and *Aubin* cases, but the court denied that motion.  (*Aubin*, Doc. No. 22, 27.)  Thus, the *Aubin* and *Gupta* cases remain pending before two different judges in the Northern District.

Approximately two months after this court issued the TRO in this action, the court in *Aubin* issued an order granting the motion for a temporary restraining order in that case, concluding that because "the prohibition on approaching with the purpose of harassing is not functionally severable from the remainder of SB 742, the statute must be enjoined in its entirety." (*Aubin*, Doc. No. 28 at 1–2.)  While plaintiff's motion to transfer venue has been pending in this court, the litigation in *Aubin* has progressed with the parties in that case filing cross-motions for summary judgment, which that court took under submission following a hearing on April 27, 2022.  Meanwhile, in *Gupta*, the court deferred ruling on the pending motion for a preliminary injunction in that case and stayed those proceedings because "TROs have been issued in the *Right to Life* and *Aubin* cases, both of which provide protection for [plaintiff]," and "both *Right to Life* and *Aubin* are more advanced in litigation."  (Doc. No. 56.)

## ANALYSIS

### A.      Defendant's Motion to Transfer Venue

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses and in the interest of justice.  28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964)). "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its

4

1    determination whether transfer is appropriate in a particular case."  *Jones v. GNC Franchising,*

2    *Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  "The primary factors to be considered are convenience of

3    witnesses and parties and concerns for judicial economy (including duplicative effort, waste of

4    time and money)."  *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal.

5    1998), *aff'd*, 210 F.3d 1036 (9th Cir. 2000).  Other factors include plaintiff's choice of forum,

6    administrative considerations, and the respective parties' contacts with the forum.  *See Jones*, 211

7    F.3d at 489–99; *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016).

8            Here, defendant urges the court to transfer this case to the Northern District of California

9    primarily because, according to defendant, the transfer would be in the "interests of justice,"

10   "avoid inconsistent results," and "conserve judicial resources."  (Doc. No. 21 at 11–14.)

11   Specifically, defendant contends that "it is much more efficient for one judge to manage all cases

12   concerning the same issue, as it will conserve judicial resources necessary to research issues,

13   manage the schedule, and conduct legal analysis in these cases," and "[d]enying the transfer

14   would simply require two (or more) judges to do the work that could be done by one."  (*Id.* at 13.)

15          Although defendant's arguments may have been persuasive at the time defendant filed his

16   motion to transfer on October 29, 2021, the circumstances have since changed so significantly

17   that a transfer now would be inconsistent with the interest of judicial economy.  Notably,

18   defendant's efforts to relate the *Aubin* and *Gupta* cases and to have those cases assigned to the

19   same judge have failed.  Those two cases remain pending before two different judges in the

20   Northern District of California, in part, because the parties in *Gupta* did not both consent to

21   magistrate judge jurisdiction.  The court is also not persuaded by defendant's prediction in his

22   reply brief that "even if [the] plaintiffs in either [*Right to Life* or *Gupta*] do not consent to

23   magistrate judge jurisdiction, the cases will go to a single district judge upon almost certain

24   consolidation."  (Doc. No. 27 at 7.)  Moreover, even if this action were transferred to the

25   Northern District and assigned to the same judge as the *Gupta* action, the fact remains that the

26   proceedings in *Gupta* are stayed and a ruling on the motion for a preliminary injunction in that

27   case has been deferred until after the court in *Aubin* decides the pending cross-motions for

28   summary judgment and until after this court rules upon the pending motion for a preliminary

5

1   injunction.  Transferring this action, with plaintiff's pending motion for a preliminary injunction,

2   will not conserve any judicial resources, particularly given that the undersigned issued the TRO in

3   this case, and the court in *Gupta* did not similarly issue a temporary restraining order or otherwise

4   engage with the substantive issues presented in that case.

5          In light of these case-specific circumstances, the court concludes that a transfer of this

6   action to the Northern District of California at this time is not appropriate.  Accordingly, the court

7   will deny defendant's motion to transfer venue of this action.

8   **B.     Plaintiff's Motion for a Preliminary Injunction**

9          "The proper legal standard for preliminary injunctive relief requires a party to demonstrate

10  'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

11  absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

12  is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting

13  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v.*

14  *Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that

15  irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'")

16  (quoting *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).  The Ninth

17  Circuit has also held that an "injunction is appropriate when a plaintiff demonstrates . . . that

18  serious questions going to the merits were raised and the balance of hardships tips sharply in the

19  plaintiff's favor."  *All. for Wild Rockies*, 632 F.3d at 1134–35 (quoting *Lands Council v. McNair*,

20  537 F.3d 981, 987 (9th Cir. 2008) (*en banc*), *overruled on other grounds by Winter*, 555 U.S. 7).[1]

21  The party seeking the injunction bears the burden of proof as to each of these elements.  *See Klein*

22  *v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *Caribbean Marine Servs. Co. v.*

23  *Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege

24  imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened

---

25  [1]  The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale
26  approach survives "when applied as part of the four-element *Winter* test."  *All. for the Wild*
    *Rockies*, 632 F.3d at 1134.  "That is, 'serious questions going to the merits' and a balance of
27  hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction,
    so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the
28  injunction is in the public interest."  *Id*. at 1135.

1    injury as a prerequisite to preliminary injunctive relief.").  Finally, an injunction is "an

2    extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled

3    to such relief."  *Winter*, 555 U.S. at 22..

4         Because the same legal standard applies to temporary restraining orders and preliminary

5    injunctions, in issuing the TRO, the court determined that plaintiff had satisfied these

6    requirements.  (Doc. No. 22 at 9–26.)  In particular, the court found that plaintiff had "shown a

7    likelihood of success on the merits of its First Amendment freedom of speech claim," had "shown

8    a likelihood that it will suffer irreparable harm in the absence of the requested injunctive relief,"

9    and had "satisfied its burden to show that the balance of the equities and public interest weighs in

10   its favor in this case."  (Doc. No. 22 at 22, 23, 26.)

11        In moving for a preliminary injunction, plaintiff argues that for the same reasons the court

12   issued the TRO, the court should likewise grant the requested preliminary injunction, which does

13   not expand the substantive scope of the injunctive relief provided for and granted in the TRO.

14   (Doc. Nos. 25-1 at 5–6; 29 at 5.)  In his opposition to plaintiff's motion for a preliminary

15   injunction, defendant reiterates the arguments he advanced in opposing plaintiff's motion for a

16   temporary restraining order—arguments the court already considered and rejected in the TRO.

17   (Doc. No. 28.)  Defendant does not advance any new or materially different arguments in

18   opposing the pending motion for a preliminary injunction.  (*Compare* Doc. No. 28 *with* Doc. No.

19   15.)

20        Accordingly, the court incorporates the TRO's analysis and conclusions in their entirety

21   herein and will grant plaintiff's motion for a preliminary injunction.

22                                    **CONCLUSION**

23        For all of the reasons stated above:

24   1.    Defendant's motion to transfer venue (Doc. No. 21) is denied;

25   2.    Plaintiff's motion for a preliminary injunction (Doc. No. 25) is granted.  The court

26          orders that:

27          a.    Defendant and any person acting in concert with him shall be restrained

28                and enjoined from enforcing SB 742's prohibition on "harassing" as that

                                          7

term is defined in California Penal Code § 594.39, as applied to Right to

Life and its agents, and facially as to any speaker;

3.    No bond shall be required to be posted by plaintiff pursuant to Rule 65(c) of the

Federal Rules of Civil Procedure; and

4.    This preliminary injunction is effective immediately and shall remain in full force

and effect through the date on which judgment, if any, as to the defendant is

entered in this case.

IT IS SO ORDERED.

Dated:  **July 6, 2022**                              

UNITED STATES DISTRICT JUDGE

8